IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CALVIN THOMPSON                                                                                   PLAINTIFF

v.                                      Case No. 5:13-cv-00186-KGB

PLANTERS COTTON OIL MILL                                                                  DEFENDANT

**ORDER**

Before the Court is plaintiff Calvin Thompson's motion for voluntary nonsuit (Dkt. No. 29). Mr. Thompson moves to dismiss without prejudice his pending claims against defendant Planters Cotton Oil Mill ("Planters") and purports to reserve the right to refile this action within one year. Planters has responded and requests that the Court condition dismissal without prejudice upon payment of all costs associated with this lawsuit, including the attorney's fees expended in preparing Planters's pending motion for summary judgment, if this action is refiled (Dkt. No. 30).

By prior Order, the Court cautioned that the practical effect of a nonsuit pursuant to Rule 41(a) may be a dismissal with prejudice of Mr. Thompson's claims under Title VII and the Age Discrimination in Employment Act (Dkt. No. 31). Also, the Court informed Mr. Thompson that the Court may impose certain conditions on the dismissal and refiling of this action, including an award of costs upon refiling (*Id.*). Based on this, the Court instructed Mr. Thompson to notify the Court whether he intends to persist in requesting a dismissal without prejudice of this action.

Mr. Thompson has responded to the Court's Order and notified the Court that he elects to proceed with his request to dismiss voluntarily this case, although he objects to the Court's imposing conditions on the dismissal and refiling of this action (Dkt. No. 32). Mr. Thompson's objections to the Court's proposed conditions center on the state of discovery in this matter. This

Court previously addressed the background facts relevant to the state of discovery and the procedural posture of this case (Dkt. No. 28); the Court need not do so again here to resolve the issues before it. Planters has replied to Mr. Thompson's response to the Court's Order and endorses the Court's conditions for dismissal and refiling (Dkt. No. 33).

Because Planters has served an answer and a motion for summary judgment, this action may be dismissed at Mr. Thompson's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Generally, "in the federal courts, after answer, dismissals without prejudice should be granted only 'if no other party will be prejudiced.'" *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (quoting 9 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2362 (1971)). "By 'prejudice' in this context is meant something other than the necessity that defendant might face of defending another action. That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Kern*, 738 F.2d at 970.

In its prior Order, the Court informed Mr. Thompson that, if he persists with his motion and the Court grants the motion, the Court may condition dismissal and the refiling of this action on the following: (1) that the suit be refiled in this Court; (2) that no further discovery occur in the case without prior leave of the Court; and (3) that, if and when this case is refiled, the Court will assign to Mr. Thompson, at least, all duplicative costs and fees incurred by Planters related to the refiling of this case and, at most, all costs and fees previously incurred by Planters. The Court reserved ruling on any request for costs and fees until after the case is dismissed on Mr. Thompson's motion and later refiled; Federal Rule of Civil Procedure 41 permits the Court to stay the refiled proceedings until the plaintiff has complied. Fed. R. Civ. P. 41(d).

The Court has considered Mr. Thompson's objections to the proposed conditions stated in Court's prior Order.  Given Mr. Thompson's objection to the proposed condition that he be restricted to refiling in this Court, the Court will not impose the condition that Mr. Thompson may refile only in this Court.  *See Kern*, 738 F.2d at 973.  The Court will impose the condition that, if and when this case is refiled, the Court will assign to Mr. Thompson, at least, all duplicative costs and fees incurred by Planters related to the refiling of this case and, at most, all costs and fees previously incurred by Planters.

The Court reserves ruling on any request for costs and fees until and if the case is refiled.  If Mr. Thompson refiles in federal court, the payment of costs and fees in an amount to be determined shall be required before the second action is permitted to proceed.  *See* Fed. R. Civ. P. 41(d); *Kern*, 738 F.2d at 972.  If Mr. Thompson refiles in state court, Planters may apply for this Court to enter judgment against Mr. Thompson for an appropriate amount of costs and fees.  *Kern*, 738 F.2d at 972.

Accordingly, subject to the conditions stated in this Order, the Court grants Mr. Thompson's motion and dismisses without prejudice Mr. Thompson's complaint (Dkt. No. 29).

SO ORDERED this the 29th day of May, 2015.

*(signature)*
Kristine G. Baker
United States District Judge